[29 NYS3d 548]

In the Matter of DAVID EVANS HUNT, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT,
Petitioner.

Second Department, April 20, 2016

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Anthony R. Wynne* of counsel),
for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order of suspension dated July 18, 2013, the Supreme Judicial Court of Maine suspended the respondent from the practice of law for a period of three years, and suspended 18 months of that three-year period, provided the respondent complied with certain specified conditions.

As revealed in the order of suspension, the respondent was admitted to the Maine Bar in 1981, and from 1997 onward, practiced law in Maine either within a small law firm or as a solo practitioner. In October 2011, he was administratively suspended for his failure to re-register and complete his continuing legal education requirements. In recent years, the respondent suffered from serious substance abuse, and sought treatment on multiple occasions at different treatment facilities, including an out-of-state facility. On August 18, 2011, the court ordered that the respondent's law practice be placed into receivership, and appointed a receiver. On August 24, 2011, the respondent was ordered to relinquish possession of all his client files and client property to the Receiver.

Prior to appointment of the Receiver, the respondent was not able to perform all his legal work or fully monitor his client matters as required by the Maine Rules of Professional Conduct. His failures constituted violations of Maine Rules of Professional Conduct rules 1.3 (diligence), 1.4 (communication) and 1.15 (safekeeping property, client trusts accounts, interest on trust accounts).

The respondent was hospitalized at the Maine Medical Center from approximately July 6, 2012 to October 2, 2012, and on the date of the order of suspension, the respondent was being treated at a facility in Maine, primarily for medical conditions.

The Supreme Judicial Court of Maine concluded that due to his impairment and related actions, the respondent was unable and remains unable to properly discharge his professional duties as a member of the Bar. Based on a proposed stipulated agreement between the respondent and the Board of Overseers of the Maine Bar, the Supreme Judicial Court of Maine, inter alia, suspended the respondent for a period of three years, retroactive to August 18, 2012, based on incapacity and violation of various provisions of the Maine Rules of Professional Conduct; however, 18 months of that three-year period was suspended on condition that he not commit any new violations

and comply with various provisions as specified in the order of suspension.

By order dated April 17, 2015 (168 So 3d 230 [Fla Sup Ct 2015]), the Supreme Court of Florida disbarred the respondent, on default, based on the order of suspension of the Supreme Judicial Court of Maine.

On October 24, 2015, the Grievance Committee for the Ninth Judicial District personally served the respondent with the instant notice pursuant to 22 NYCRR 691.3. More than 20 days have elapsed. The respondent has neither served a response or demanded a hearing, nor has he requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline.

We note that the respondent is delinquent in the payment of his New York State attorney re-registration fees for the 2014-2015 biennial period.

Based on the findings of the Supreme Judicial Court of Maine, reciprocal discipline is imposed and the respondent is suspended from the practice of law for a period of three years.

MASTRO, J.P., RIVERA, DILLON, LEVENTHAL and LaSALLE, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, David Evans Hunt, is suspended from the practice of law for a period of three years, commencing May 20, 2016, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than November 20, 2018, and any application for reinstatement shall be accompanied by proof of payment of attorney registration fee arrears as well as payment for the current registration period. In such application, the respondent shall furnish satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted himself; and it is further,

Ordered that the respondent, David Evans Hunt, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, David Evans Hunt, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, David Evans Hunt, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).